```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LINDA DROZD and MICHAEL DROZD,      :
wife and husband,                   :CIVIL ACTION NO. 3:13-CV-2523
                                    :
         Plaintiffs,                :(JUDGE CONABOY)
                                    :
    v.                              :
                                    :
JOHN M. PADRON, d/b/a ATLANTIC      :
MOTOR TEAM, and THOMAS VARIALE,     :
                                    :
         Defendants.                :
                                    :
_____
```

## **MEMORANDUM**

Here we consider the Motion of Defendants to Dismiss Claims of Recklessness, Wantonness, Willfulness and for Punitive Damages from Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7) filed on December 9, 2013, along with a supporting brief (Doc. 8). Plaintiff filed an opposition brief on December 23, 2013.  (Doc. 10.)  Defendants did not file a reply brief and the time for doing so has passed.  Therefore, this matter is ripe for disposition. For the reasons discussed below, we conclude the motion is properly denied.

### **I. Background**

This action arises from a motor vehicle collision which occurred on March 26, 2013. (Doc. 1 ¶¶ 5-9.)  Plaintiff Linda Drozd was driving southbound on Keyser Avenue in Scranton, Pennsylvania, in a 2007 Nissan Sentra owned by her husband, Plaintiff Michael Drozd.  (Doc. 1 ¶ 5.)  Acting within the scope and course of his employment, Defendant Variale was driving northbound in a 2003

Toyota Sienna owned by Defendant Padron, d/b/a/ Atlantic Motor Team, with the consent and knowledge of the owner. (Doc. 1 ¶¶ 6-8.) The words "high idle" and "no brake" were painted on the window on the driver's door. (*Id.*) "Suddenly and without warning" Defendant Variale turned his vehicle to his left and directly into the path of the Drozd vehicle. (Doc. 1 ¶ 9.) The resulting collision caused numerous serious injuries to Plaintiff Linda Drozd. (Doc. 1 ¶ 10.) Plaintiffs also allege that "the collision was caused by the negligent, reckless and wanton conduct of Defendant Variale, acting as the agent, servant and/or employee of Defendant Padron, d/b/a Atlantic Motor Team . . . [b]y operating the Toyota Sienna with knowledge that the vehicle was unfit for safe operation on a public highway." (Doc. 1 ¶ 12(j).)

The Complaint filed as a result of this accident contains three counts: Count I by Plaintiff Linda Drozd alleging negligent, reckless and wanton conduct on the part of all Defendants; Count II by Plaintiff Linda Drozd against Defendant Padron, d/b/a Atlantic Motor Team alleging negligent, reckless and wanton conduct based *inter alia* on entrusting the vehicle to Defendant Variale, failing to properly investigate his driving abilities and driving record, and failing to require and instruct him to inspect the vehicle to ensure that it was safe for operation on public roadways; and Count III by Plaintiff Michael Drozd against all Defendants for loss of consortium. (Doc. 1.) On each count Plaintiffs seek compensatory

2

and punitive damages.  (*Id.*)

## II. Discussion

### *I.  Motion to Dismiss Standard*

In a motion to dismiss for failure to state a claim, the defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).  Courts are directed to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing that the pleader is entitled to relief."  The "short and plain statement" must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007). *Twombly* confirmed that more is required than "labels and conclusions, and a formulaic recitation of the elements of a cause

3

of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555 (citations omitted).

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in *Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

*McTernan,* 577 F.3d at 530. *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*McTernan* discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion

4

to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of Alleghany*], 515 F.3d [224,] 234-35 [(3d Cir.2008 )]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. As noted above, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not

precedential).

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## *B.     Defendants' Motion*

With the pending motion, Defendants seek to have Plaintiffs' claims of recklessness, wantonness, willfulness and for punitive damages dismissed from Plaintiff's Complaint. (Doc. 7.)  We conclude dismissal of these claims is not appropriate at this stage of the proceedings.

Under Pennsylvania law, which controls in this action, punitive damages may only be awarded

> when the plaintiff has established that the defendant has acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others.  A defendant acts recklessly when his conduct creates an unreasonable risk of harm to another and such risk is substantially greater than that which is necessary to make his conduct negligent.

*Phillips v. Cricket Lighters*, 883 A.2d 439, 445-46 ) (Pa. 2005) (internal citations and quotations omitted).  The Supreme Court of Pennsylvania stated in *Hutchison v. Luddy*, 870 A.2d 766 (Pa. 2005), that "punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct."  *Id.* at 770.

6

*Hutchinson* added that "this Court has stressed that, when assessing the propriety of the imposition of punitive damages, the state of mind of the actor is vital.  The act, or the failure to act, must be intentional, reckless or malicious." *Id.* (internal quotation omitted).

Here Defendants contend that "[n]one of the pleaded facts support a reasonable inference of a conscious disregard of a risk known to either of the Defendants, or so obvious that they must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." (Doc. 7 ¶ 11.)  Defendants further argue that the "pleaded facts that the words 'high idle' and 'no brake' were painted on the window of the driver's door cannot support a claim for punitive damages since there is no allegation that an awareness of a 'high idle' or 'no brakes' was a cause or contributed to the accident." (Doc. 7 ¶ 12.)  Thus, Defendants conclude that the use of the words "wanton and reckless" and "willful" in Plaintiff's Complaint are insufficient to warrant imposition of punitive damages.  (Doc. 7 ¶ 13.)

Plaintiffs maintain that their pleading is sufficient to support their claim for punitive damages.  (Doc. 10 at 4-5.)  They cite their factual allegations regarding Defendant Variale's decision to operate a vehicle with a "no brake" warning and the averred causal connection between that decision and the subject collision, contending that these averments indicate that discovery

7

is necessary.  (Doc. 10 at 5.)

We conclude Defendants have failed to meet their burden of showing that no claim has been presented.  *Hedges*, 404 F.3d at 750. The facts pled indicate that Plaintiffs have presented a plausible claim for punitive damages as required by *Twombly* and *Iqbal*.  While discovery may show a lack of a causal connection between the "no brake" warning and the collision, such a determination would be premature at this stage of the proceedings.  Therefore, Defendants' motion is properly denied.

### III. Conclusion

For the reasons discussed above, the Motion of Defendants to Dismiss Claims of Recklessness, Wantonness, Willfulness and for Punitive Damages from Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7) is denied.  An appropriate Order is filed simultaneously with this Memorandum.

                                               S/Richard P. Conaboy
                                               RICHARD P. CONABOY
                                               United States District Judge

DATED: February 11, 2014